Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
SANTIAGO GONZALEZ, *individually and on behalf*
*of others similarly situated,*

Plaintiff,

-against-

BONILLA & SON, INC. (d/b/a BONILLA & SON,
INC. CONSTRUCTION), ALFONSO BONILLA, and
MANUEL BONILLA

*Defendants.*

------------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Santiago Gonzalez individually and on behalf of others similarly situated

("Plaintiff"), by and through his attorneys, Michael Faillace & Associates, P.C., alleges upon

information and belief, and as against each of Defendants Bonilla & Son, Inc. (d/b/a "Bonilla &

Son, Inc. Construction") ("Defendant Corporation"), Alfonso Bonilla, and Manuel Bonilla

(collectively, "Defendants"), as follows:

<u>**NATURE OF ACTION**</u>

1.      Plaintiff Gonzalez is a former employee of Defendants Bonilla & Son, Inc. (d/b/a

"Bonilla & Son, Inc. Construction") Alfonso Bonilla and Manuel Bonilla.

2.      Bonilla & Son, Inc. Construction is a construction company with its main office

located at 73-20 53rd Road, Maspeth, New York, 11378.

3.      Upon information and belief, Defendants Alfonso Bonilla and Manuel Bonilla serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate the construction company.

4.      Plaintiff Gonzalez was a former employee of Defendants.

5.      Plaintiff Gonzalez worked at Defendants' construction company, where his duties consisted of painting, plastering, installing sheetrock, sweeping, installing floors, demolition, breaking up concrete, making concrete, dropping off deliveries and throwing out the trash.

6.      Plaintiff Gonzalez regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours that he worked over 40 in a week.

7.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, and failed to pay Plaintiff Gonzalez appropriately for any hours worked over 40.

8.      Defendants' conduct extended beyond Plaintiff Gonzalez to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gonzalez  and other employees to work in excess of forty (40) hours per week without providing them the overtime compensation required by federal and state law and regulations.

10.      Plaintiff Gonzalez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et*

*seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Gonzalez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Gonzalez's state law claims is conferred by 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Gonzalez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Santiago Gonzalez ("Plaintiff Gonzalez" or "Mr. Gonzalez") is an adult individual residing in Queens County, New York.

15.     Plaintiff Gonzalez was employed by Defendants from approximately June 2013 until September 2015. At all relevant times to this complaint, Plaintiff Gonzalez was employed by Defendants as a painter/construction worker.

3

16.     Plaintiff Gonzalez consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     Defendants own, operate, and/or control a construction company located at 73-20 53 Road, Maspeth, New York, 11378.

18.     Upon information and belief, Bonilla & Son, Inc.  (Defendant Corporation) is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 73-20 53 Road, Maspeth, New York, 11378.

19.     Defendant Alfonso Bonilla is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

20.     Defendant Alfonso Bonilla is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

21.     Defendant Alfonso Bonilla possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

22.     Defendant Alfonso Bonilla determined the wages and compensation of the employees of Defendants, including Plaintiff Gonzalez, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

23.     Defendant Manuel Bonilla is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

24.     Defendant Manuel Bonilla is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

25.     Defendant Manuel Bonilla possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

26.     Defendant Manuel Bonilla determined the wages and compensation of the employees of Defendants, including Plaintiff Gonzalez, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS
### *Defendants Constitute Joint Employers*

27.     Defendants operate a construction company located at 73-20 53rd Road, Maspeth, New York, 11378.

28.      Individual Defendants Alfonso Bonilla and Manuel Bonilla possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation and control significant functions of Defendant Corporation.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

30.     Each Defendant possessed substantial control over Plaintiff Gonzalez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Gonzalez, and all similarly situated individuals, referred to herein.

5

31.     Defendants jointly employed Plaintiff Gonzalez, and all similarly situated individuals, and are Plaintiff Gonzalez's (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32.     In the alternative, Defendants constitute a single employer of Plaintiff Gonzalez and/or similarly situated individuals.

33.     Upon information and belief, individual Defendants Alfonso Bonilla and Manuel Bonilla operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)     defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of their own with Defendant Corporation;

(g)     diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

6

34.     At all relevant times, Defendants were Plaintiff Gonzalez's employers within the meaning of the FLSA and NYLL.

35.     Defendants had the power to hire and fire Plaintiff Gonzalez, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Gonzalez's services.

36.     In each year from 2013 to the present, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the regular construction and installation work on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

38.     Plaintiff Gonzalez is a former employee of Defendants, primarily employed in performing the duties of a painter/construction worker.

39.     Plaintiff Gonzalez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Santiago Gonzalez*

40.     Plaintiff Gonzalez was employed by Defendants from approximately June 2013 until September 2015.

41.     At all relevant times, Plaintiff Gonzalez was employed by Defendants as a painter/construction worker.

7

42.     Plaintiff Gonzalez regularly handled goods in interstate commerce necessary to perform his work, including paint brushes, hammers, wood and specialized tools produced outside of the State of New York.

43.     Plaintiff Gonzalez's work duties required neither discretion nor independent judgment.

44.     Throughout his employment with Defendants, Plaintiff Gonzalez regularly worked in excess of 40 hours per week.

45.     From approximately June 2013 until on or about September 2015, Plaintiff Gonzalez worked from approximately 8:00 a.m. until on or about 5:15 p.m. Mondays through Saturdays three weeks per month, from approximately 8:00 a.m. until on or about 5:15 p.m. Mondays through Sundays one week per month and from approximately 8:00 a.m. until on or about 11:00 p.m. on two occasions per month (typically 55.5 to 70.5 hours per week).

46.     Throughout his employment with defendants, Plaintiff Gonzalez was paid his wages in cash.

47.     From approximately June 2013 until on or about December 2014, Plaintiff Gonzalez was paid $120 per day.

48.     From approximately December 2014 until on or about September 2015, Plaintiff Gonzalez was paid $125 per day.

49.     Plaintiff Gonzalez's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

50.     In fact, throughout his entire employment with defendants, Plaintiff Cadet worked 15 minutes past his scheduled departure time each day, and was not compensated for the additional time he worked.

51.     Defendants did not provide Plaintiff Gonzalez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

52.     Plaintiff Gonzalez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

53.     Defendants never provided Plaintiff Gonzalez with a written notice, in English and in Spanish (Plaintiff Gonzalez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

54.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Gonzalez regarding overtime and wages under the FLSA and NYLL.

55.     Defendants required Plaintiff Gonzalez to purchase "tools of the trade" with his own funds—including 6 pairs of gloves a week, 2 pairs of masks a week, a drill, a hammer, 5 spatulas for plaster, one safety jacket, and 3 brushes.

*Defendants' General Employment Practices*

56.     Defendants regularly required Plaintiff Gonzalez to work in excess of forty (40) hours per week without paying him the proper overtime wages.

57.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gonzalez (and all similarly situated employees) to work in excess

9

of forty (40) hours per week without paying him appropriate overtime compensation, as required by federal and state laws.

58.     Plaintiff Gonzalez was paid his wages in cash.

59.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

60.     By employing this practice, Defendants avoided paying Plaintiff Gonzalez at the overtime rate of time and a half for most or all of his hours worked in excess of forty (40) hours per week.

61.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Gonzalez (and similarly situated individuals) worked, and to avoid paying Plaintiff Gonzalez properly for his full hours worked.

62.     Defendants failed to post required wage and hour posters in Plaintiff Gonzalez's work areas, and did not provide Plaintiff Gonzalez with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Gonzalez's relative lack of sophistication in wage and hour laws.

63.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Gonzalez (and similarly situated individuals) worked, and to avoid paying Plaintiff Gonzalez properly for (1) his full hours worked and (2) for overtime due.

64. Defendants failed to provide Plaintiff Gonzalez and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

65. Defendants failed to provide Plaintiff Gonzalez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

66. Plaintiff Gonzalez brings his FLSA overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after

the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Bonilla & Sons Inc. Construction (the "FLSA Class").

67.    At all relevant times, Plaintiff Gonzalez and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Gonzalez's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

68.    The claims of Plaintiff Gonzalez stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

69.    Plaintiff Gonzalez repeats and realleges all paragraphs above as though fully set forth herein.

70.    At all times relevant to this action, Defendants were Plaintiff Gonzalez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Gonzalez (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

71.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

12

72.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

73.    Defendants, in violation of the FLSA, failed to pay Plaintiff Gonzalez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

74.    Defendants' failure to pay Plaintiff Gonzalez (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75.    Plaintiff Gonzalez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

76.    Plaintiff Gonzalez repeats and realleges all paragraphs above as though fully set forth herein.

77.    Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Gonzalez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

78.    Defendants' failure to pay Plaintiff Gonzalez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

79.    Plaintiff Gonzalez was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

13

**(VIOLATION OF THE NOTICE AND RECORDKEEPING
REQUIREMENTS OF THE NEW YORK LABOR LAW)**

80.     Plaintiff Gonzalez repeats and realleges all paragraphs above as though fully set forth herein.

81.     Defendants failed to provide Plaintiff Gonzalez with a written notice, in English and in Spanish (Plaintiff Gonzalez's  primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

82.     Defendants are liable to Plaintiff Gonzalez in the amount of $2,500, together with costs and attorney's fees.

**FOURTH CAUSE OF ACTION
(VIOLATION OF THE WAGE STATEMENT PROVISIONS
OF THE NEW YORK LABOR LAW)**

83.     Plaintiff Gonzalez repeats and realleges all paragraphs above as though set forth fully herein.

84.     Defendants did not provide Plaintiff Gonzalez with wage statements upon each payment of wages, as required by NYLL 195(3).

85.     Defendants are liable to Plaintiff Gonzalez in the amount of $2,500, together with costs and attorney's fees.

**FIFTH CAUSE OF ACTION
(RECOVERY OF EQUIPMENT COSTS)**

86.     Plaintiff Gonzalez repeats and re-alleges all paragraphs above as though set forth fully herein.

87.     Defendants required Plaintiff Gonzalez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to

14

perform his job, such as non-slipping shoes, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

88.     Plaintiff Gonzalez was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Gonzalez respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff Gonzalez in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gonzalez and the FLSA class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Gonzalez 's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Gonzalez  and the FLSA class members;

(e)     Awarding Plaintiff Gonzalez  and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken

against wages under the FLSA, as applicable;

(f)     Awarding Plaintiff Gonzalez and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gonzalez and the members of the FLSA Class;

(h)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Gonzalez 's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(i)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Gonzalez and the FLSA Class members;

(j)     Awarding Plaintiff Gonzalez and the FLSA class members damages for the amount of unpaid overtime wages as well as  damages for any improper deductions or credits taken against wages;

(k)     Awarding Plaintiff Gonzalez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiff Gonzalez  and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

16

(m)     Awarding Plaintiff Gonzalez  and the FLSA class members pre-judgment and post-judgment interest as applicable;

(n)     Awarding Plaintiff Gonzalez and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.


Dated: New York, New York
January 6, 2016

MICHAEL FAILLACE & ASSOCIATES, P.C.


         /s/ Michael Faillace
By:     Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 2540
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 4, 2016

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Santiago Gonzalez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:              04 de enero de 2016